UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:26-cv-00541

———

**Ryan Stacy,**
*Plaintiff,*
v.
**Lewisville Independent School District,**
*Defendant.*

———

# ORDER

Plaintiff, proceeding pro se, brought this action under 42 U.S.C. § 1983. Doc. 7. Defendant moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 10. The case was referred to a magistrate judge, who issued a report recommending that the court grant defendant's motion to dismiss and dismiss plaintiff's claims with prejudice. Doc. 14 at 11. Plaintiff filed objections. Doc. 15. Defendant responded to those objections. Doc. 16.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff first objects that the report improperly relied on the superseded original complaint instead of evaluating only the operative first amended complaint, contrary to the rule that an amended complaint supersedes all prior pleadings. Doc. 15 at 1–

- 1 -

2. This objection misunderstands the report. The magistrate judge discussed the original complaint for purposes of explaining the procedural history of the case and the claims that were not re-urged in the amended complaint. The report's analysis of the pleading requirement is rooted in plaintiff's allegations asserted in his live pleading. *See* Doc. 14 at 5–10. To be sure, the report expressly states that "[p]laintiff's amended complaint is the live complaint in this action." *Id.* at 10 (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (adopting "the general rule that an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.")). Accordingly, this objection is overruled.

Plaintiff next objects that the report improperly applied a heightened pleading standard by treating the alleged retaliatory acts as isolated incidents rather than as a coordinated course of conduct that plausibly established constitutional violations. Doc. 15 at 2. But the report did not apply a heightened pleading standard. Rather, it correctly noted that even under a Rule 12(b)(6) standard, a plaintiff asserting constitutional claims against a municipality must allege: "(1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." Doc. 14 at 6–7 (quoting *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 264 (5th Cir. 2014)). This is indeed the pleading standard consistently applied by the Fifth Circuit for constitutional claims brought against a municipality. *See Gomez v. Galman*, 18 F.4th 769, 777 (5th Cir. 2021) ("under *Monell* and its progeny, [plaintiff] must plead that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." (cleaned up)). Accordingly, plaintiff's second objection is overruled.

Plaintiff next objects that the report incorrectly concluded that plaintiff failed to plead municipal knowledge under *Monell*, despite allegations that the Board of Trustees received direct written notice of the alleged constitutional violations and failed to act.

Doc. 15 at 2. The report did not find, as plaintiff argues, that the Board of Trustees lacked knowledge of the alleged constitutional violation, but rather that plaintiff has failed to allege facts that defendant's Board of Trustees had actual or constructive knowledge of any policy or custom. Doc. 14 at 8. Accordingly, this objection is overruled.

Last, plaintiff objects that the report improperly narrowed the single-incident ratification doctrine by failing to recognize that the Board of Trustee's alleged decision to preserve the challenged records and foreclose administrative remedies could constitute an official policy under *Monell*. Doc. 15 at 2–3. This objection is couched in plaintiff's ratification theory of liability. But as the report expressly stated, the Fifth Circuit has narrowed the theory of ratification to "extreme factual situations." Doc. 14 at 9 (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (refusing to find ratification in case in which officer shot fleeing suspect in the back); *Grandstaff v. City of Borger*, 767 F.2d 161, 168–72 (5th Cir. 1985) (finding ratification when officers "poured" gunfire onto a truck and killed innocent occupant)). Neither plaintiff's objection nor his allegations suggest that the extreme factual circumstances of a ratification theory are present here.

Defendant's motion to dismiss (Doc. 10) is granted. Plaintiff's § 1983 claims are dismissed with prejudice. The court does not address any claims plaintiff asserted in his original complaint (Doc. 1) that plaintiff did not assert in the live complaint (Doc. 7). *See Murphy v. Scott*, 56 F.3d 1384, 1995 WL 337688, at *1 (5th Cir. 1995) (unpublished table decision) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994)). Any pending motions are denied as moot.

*So ordered by the court on July 20, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 3 -